# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3717-23

M.V.,

    Plaintiff-Appellant,

v.

L.V.,

    Defendant-Respondent.

_____

        Submitted October 8, 2025 – Decided November 12, 2025

        Before Judges Currier and Jablonski.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-0207-24.

        Stahl Gasiorowski, PC, attorneys for appellant (Andrew Olesnycky, of counsel and on the brief).

        Respondent has not filed a brief.

PER CURIAM

Plaintiff M.V.[1] appeals a Family Part order awarding him a flat $6,000 counsel fee despite his request for a substantially larger award after plaintiff obtained a final restraining order (FRO) after trial against defendant L.V. Although we affirm the trial judge's decision to award counsel fees to M.V., we vacate the portion of the FRO awarding $6000 and remand this matter to the trial judge to provide a more detailed analysis to ascertain the overall reasonableness of the requested fee.

I.

M.V. obtained a temporary restraining order (TRO) against L.V. following a physical altercation that occurred between the two. The following day, L.V. filed her own TRO against M.V. The matters were tried together over two days. After the trial, the court granted a FRO to M.V. and dismissed L.V.'s cross-TRO.

M.V.'s counsel then moved for attorney's fees under the Prevention of Domestic Violence Act (PVDA) [2] and sought an award of $30,347. In a written decision to the unopposed application, the court found the hourly rate charged by M.V.'s counsel reasonable and granted M.V.'s request for attorney's

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. R. 1:38-3(d)(10).

[2] N.J.S.A. 2C:25-17 to -35.

fees, finding "damages incurred by the [p]laintiff were the direct and proximate result of the [defendant's] actions, which resulted in the entry of the [FRO]." However, the trial court also limited any award to fees incurred for the prosecution of M.V.'s complaint and specifically denied the requested award of attorney's fees "expended in defense of [L.V.'s] restraining order application." Further, the judge "question[ed] whether or not all fees submitted were reasonable and necessary" and concluded there was "insufficient evidence upon which [the judge] can conclude [L.V.'s] application was either frivolous, retaliat[ory], or made in bad faith."

Ultimately, the trial court did not fix a specific award amount because it was "unable to determine the amount of time or money expended for [M.V.'s] case and cannot therefore enter an Order for counsel fees." The judge did, however, invite M.V.'s attorney to resubmit the application to reflect the costs "associated only with his prosecution of the complaint." M.V. amended his request and supplemented it with a comprehensive letter to justify an amended fee of $28,825.50.

In a ruling on this amended (and also unopposed) application, the trial judge initially noted:

> [A] final restraining order is a summary proceeding
> and as the definition states, it should be a succinct

proceeding done without delay, for the speedy disposition of the matter. [FRO] hearings are generally scheduled within a short period of time after a [TRO] is entered. Attorneys do not and should not need an extraordinary amount of time to prepare for such a hearing.

The court reiterated its decision not to "entertain a request for fees associated with counsel's defense of the [TRO] issued against his client." The trial judge was also generally critical of billings sought to be imposed against defendant for alternative resolution of the matter, "unnecessary" time spent in preparation of obtaining certain video evidence, and discussion of parenting time. The court noted "an inordinate amount of time was expended to review discovery, especially police bodycam videos." The court acknowledged "21.6 hours for a total of $10,260 to prepare for trial, drafting questions and interviewing . . . was excessive." Similarly, "10.7 hours spent awaiting trial and the actual trial time [was] not reasonable."

Consequently, the trial judge reduced M.V.'s requested award to a flat $6,000 and summarily concluded the fees sought were disproportionate to the "lack of case complexity and what is typically charged by attorneys in this vicinage."

M.V. appealed and argued, in part, the trial court misapplied its discretion "by failing to explain how it calculated $6,000 as a reasonable amount of compensable attorney's fees." We agree.

## II.

The PDVA authorizes courts to award "reasonable attorney's fees" to victims of domestic violence:

> (b) In proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse . . . . At the hearing the judge of the Family Part of the Chancery Division of the Superior Court may issue an order granting any or all of the following relief:
>
> . . . .
>
> (4) An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence . . . [c]ompensatory losses shall include, but not be limited to . . . reasonable attorney's fees . . . .
>
> [N.J.S.A. 2C:25-29(b)(4).]

This provision serves a critical public policy goal: "to avoid a chilling effect on the willingness of domestic violence victims to come forward with their complaints." M.W. v. R.L., 286 N.J. Super. 408, 411 (App. Div. 1995). "It would be inimical to the [PDVA] to deny a victim an award of reasonable

attorney's fees and costs incurred in successfully defending against a challenge to a[n FRO] . . . ." Grandovic v. Labrie, 348 N.J. Super. 193, 197 (App. Div. 2002). Fees and costs in a domestic violence action are awarded as statutory damages. Therefore, the award is "not subject to the traditional analysis" for an award of fees in family-related claims under N.J.S.A. 2A:34-23 and the court is not obliged to consider the parties' financial circumstances. McGowan v. O'Rourke, 391 N.J. Super. 502, 507 (App. Div. 2007) (quoting Schmidt v. Schmidt, 262 N.J. Super. 451, 453 (Ch. Div. 1992)); see also Wine v. Quezada, 379 N.J. Super. 287, 292 (Ch. Div. 2005).

Under the PDVA, counsel fees maybe be awarded if they are: (1) "a direct result of the domestic violence"; (2) reasonable; and (3) accompanied by a certification under Rule 4:42-9(b). McGowan, 391 N.J. Super. at 507 (quoting Schmidt, 262 N.J. Super. at 454; see also Wine, 379 N.J. Super. at 291).

We accord substantial deference to a trial court's assessment of counsel fees and that determination "will be disturbed only on the rarest of occasions" and then only if a misapplication of discretion is clear. McGowan, 391 N.J. Super. at 508 (internal quotation marks omitted). Discretion is misapplied when a decision is "made without a rational explanation, inexplicably departed

from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)); see also Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015).

Here, we do not dispute the trial court's finding that the fees requested were directly related to the domestic violence addressed by the FRO, nor do we take issue with the supporting certification submitted with the fee application. Rather, our concern is with how the trial judge assessed the reasonableness of the fee and the process used to reduce the requested amount from $28,825.50 to $6,000. While we recognize the judge found certain portions of the fee to be excessive and unreasonable, the calculation that led to the judgment does not add up. In effect, the final amount appears arbitrary, based only on a subjective view of customary fees. This "conclusory approach" neither explains the court's reasoning to the parties nor aids our review. See State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017).

For this reason, we are constrained to remand this matter to the trial court for further scrutiny. The trial court should conduct a detailed examination of the requested fee and explain why such a substantial deviation was warranted in light of our observations.

7

## III.

For completeness, we briefly address M.V.'s argument that we should expand our holding regarding the recovery of attorney's fees by parties who successfully defend against complaints as addressed in M.W., 286 N.J. Super. 408, and as purportedly followed in subsequent unpublished decisions. We decline to do so.

In M.W., we recognized the Legislature provided for counsel fees under the PVDA only for victims, not for prevailing parties generally. Id. at 411. Importantly, to recover fees under this jurisprudence, one must show that the party filing the domestic violence complaint acted with some nefarious intent—specifically, in bad faith or based on perjured testimony. Id. at 412. In those circumstances, attorney's fees may be available to an aggrieved party under the frivolous litigation statute. See N.J.S.A. 2A:15-59.1.

Here, the trial judge found "insufficient evidence" that L.V.'s cross-complaint was "frivolous, retaliat[ory,] or made in bad faith." Although the judge found L.V. less-than-credible in her assertions at trial, that finding alone does not satisfy the threshold required under the frivolous litigation standard to permit the recovery of attorney's fees M.V. expended to defend against these claims. Therefore, we discern no reason to disturb this finding.

8

The portion of the order granting $6000 in attorney's fees is vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division